Filed 4/24/14  P. v. Hendrix CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# **COPY**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C073341 |
| Plaintiff and Respondent, | (Super. Ct. No. 10F01072) |
| v. | |
| JERMAINE HENDRIX, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

An amended information accused defendant Jermaine Hendrix of one count of lewd conduct with force or violence upon a child under the age of 14 (count 1; Pen. Code, § 288, subd. (b)(1)),[1] five counts of lewd conduct upon a child under the age of 14

---

[1] Undesignated section references are to the Penal Code.

1

(counts 2 & 4-7; § 288, subd. (a)), and one count of forcible rape against a child aged 15 or 16 (count 3; § 261, subd. (a)(2)). The information alleged that defendant committed the offenses beginning on or about December 30, 2007, and ending on or about December 11, 2009.

The evidence at trial showed that the victims were either relatives of defendant or the daughters of defendant's friend and sometime housemate. Some counts arose from episodes that began with defendant "play fighting" or wrestling with the victims, then proceeding to unwanted touchings. In other episodes, the victims awoke to find defendant touching them lewdly. In one episode that began in this way, defendant went on to detain the victim forcibly, overcoming her resistance, and to place his penis in her vagina against her will.

A jury convicted defendant on all counts.

The trial court sentenced defendant to an aggregate state prison term of 32 years to life, computed as follows: eight years (the upper term) on count 4, plus subordinate terms of two years on counts 2, 5, 6, and 7, a full eight-year term on count 1, and a full eight-year term on count 3, all run consecutive to sentence on count 4. The court awarded defendant 1,220 days of presentence custody credit (1,061 actual days and 159 conduct days). The court imposed a $200 restitution fine and a suspended parole revocation restitution fine in the same amount. (§§ 1202.4, subd. (b), 1202.45.) The court retained jurisdiction as to victim restitution in amounts to be determined. The court then stated: "Any other mandatory fines are imposed. Any discretionary fines are stricken."[2]

---

[2] This method of imposing fines does not comport with our clear direction that trial courts must state all fines and their statutory bases on the record at sentencing. (*People v. High* (2004) 119 Cal.App.4th 1192, 1200-1201.) It is improper for a trial court to delegate the decision to the court clerk as to what fines and fees will appear on the abstract of judgment. It is also likely to create needless error, as here.

The abstract of judgment shows a $210 court facility fee (Gov. Code, § 70373), which is mandatory (Gov. Code, § 70373, subd. (a)(1)).  However, the abstract does not show the following fines and fees that are also mandatory:  the state penalty assessment of $10 per criminal offense (§ 1464), the court operations fee of $40 per criminal offense (§ 1465.8), and the state court construction penalty of $5 for every $10 per criminal offense (Gov. Code, § 70372, subd. (a)(1)).

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra,* 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We must remand the matter to the trial court, however, with directions to prepare an amended abstract of judgment that reflects all mandatory fines and fees as set out above (multiplying the base amounts by seven because defendant was convicted of seven felonies), and to forward a certified copy thereof to the Department of Corrections and Rehabilitation.

DISPOSITION

The matter is remanded to the trial court with directions to amend the abstract of judgment as described above.  As modified, defendant's conviction and sentence are affirmed.

                                    HULL            , Acting P. J.


We concur:


        ROBIE        , J.


        BUTZ         , J.

4